DASHER *et al.* v. JAMESON *et al.*

*Appeal from Des Moines District Court — Monday, February* 5.

FRAUD : EVIDENCE OF NOTICE.

IN EQUITY : Dasher seeks to have set aside a deed of trust, purporting to be made by his co-plaintiffs, to the defendant, Jameson, upon their homestead, and to obtain priority for a like instrument made by them, to him, on the same property. The claim is, that Jameson's security was obtained fraudulently; that it was never executed, acknowledged by the grantors, or, if by either, certainly not by the wife; that Jameson knew that Dasher, because of certain equities, was entitled and was to have the first lien, and took his security, if he ever had any, with this understanding and agreement. The deed to Jameson was recorded first, and together with the note which it was given to secure, was assigned before due to the defendant Harding. All the material allegations of the bill were

denied in the answer. Upon the issues joined and testimony, the court below granted the prayer of the bill and the defendant appeals.

*Ch. H. Phelps* for the appellant.

*P. Henry Smythe* for the appellees.

WRIGHT, J.—The facts of this case once settled, there is no difficulty in its determination. There is no controversy as to the law. If the testimony sustains the bill, the decree is right; otherwise, not.

We are very clear that defendant's trust deed was never signed or acknowledged by the wife of Drew, the owner of the homestead. Her name was placed to the instrument, and the acknowledgment written, without her knowledge or consent. And we think that the weight of the testimony is, that Drew himself never executed or delivered the deed, but signed the same conditionally; all of which was known to Jameson, or, if not to him, it was fully so to the person to whom he intrusted the management of the business, or the acceptance of the deed. If, therefore, the controversy was between Dasher and Jameson, there would be no doubt as to their respective equities. The difficult question is, whether Harding holds the note and security without notice of the fraud. And this depends upon, and is to be determined from, the testimony. We have examined it most carefully, and cannot resist the conviction that he had such notice. There is positive testimony to this effect—testimony which, it is true, is contradicted by that offered for the defense. But the position of the plaintiffs is sustained by many facts and circumstances, aside from the positive proof. The price paid for the note; the circumstances under which he bought it; the relation of the parties; the part taken by Jameson in the prosecution of this suit; the control which he seems to have exercised over the claim—all these, and other circumstances, in connection with the positive testimony, fully warrant, as it seems to us, the conclusion that Harding occupies no better position than the original holder. To give the testimony at length, is not necessary. While the case is not free from doubt, the testimony preponderates in favor of the conclusion above assumed; and the decree below is, therefore,

Affirmed.